Ladon Kentrel King v. State









 





IN THE
TENTH COURT OF APPEALS
 

No. 10-02-132-CR

     LADON KENTREL KING,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 1999-581-C
                                                                                                                

O P I N I O N
                                                                                                                

      A jury convicted Ladon King of possession with intent to deliver cocaine, four grams or
more but less than 200 grams. Tex. Health & Safety Code Ann. § 481.112(d) (Vernon
2003). The trial court assessed punishment at life in prison. On appeal, King complains about
(1) a Batson violation, (2) a police officer testifying as an expert about the sale and distribution
of cocaine, and (3) the legal sufficiency of the evidence. We will affirm the judgment.
 
Batson
      It is constitutionally impermissible to exercise peremptory strikes on the basis of race.
Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). To raise a Batson
challenge on the basis of race, the opponent of a peremptory strike must make a prima facie
showing of the proponent's discriminatory use of the strike. Purkett v. Elem, 514 U.S. 765,
767, 115 S.Ct. 1769, 1770, 131 L.Ed.2d 834 (1995); Emerson v. State, 851 S.W.2d 269, 273
(Tex. Crim. App. 1993). Once the opponent makes a prima facie showing, the proponent of
the strike has the burden to provide a race-neutral explanation for the strike. Purkett, 514 U.S.
at 767-68; 115 S.Ct. at 1770-71. If a race-neutral explanation is given, the opponent of the
strike must prove purposeful racial discrimination. Id. The burden of persuasion regarding
racial motivation never leaves the opponent of the strike; therefore, the race-neutral
explanation given by the proponent of the strike is not required to be persuasive, but merely
facially valid. Id.
      A trial court's decision on whether the opponent has proved a Batson claim turns, in part,
on observations made during the voir dire examination. As the supervisor of the voir dire
process, the trial judge is in a position to readily perceive discrepancies during jury selection. 
Young v. State, 826 S.W.2d 141, 145 (Tex. Crim. App. 1991). Therefore, the court's
determination of a Batson issue must be accorded great deference on appeal. See Chambers v.
State, 866 S.W.2d 9, 23 (Tex. Crim. App. 1993). The court's finding that peremptory strikes
were not racially motivated will be upheld on appeal if the finding is not "clearly erroneous"
when viewed in the light most favorable to that ruling. See Pondexter v. State, 942 S.W.2d
577, 581 (Tex. Crim. App. 1996). We have held that a decision is "clearly erroneous" if the
review of the record leaves us with a firm and definite conviction that a mistake has been
made. Chiles v. State, 57 S.W.3d 512, 516 (Tex. App.—Waco 2001, pet. dism’d—untimely
filed).
      King complains about the striking of three black venire members, Bailey, Walker, and
Sheppard, whom the State struck with peremptory challenges. He says the record does not
show race-neutral reasons for the strikes. Also, King points to venire member Kerr
(presumably Caucasian) whose son, like Bailey’s, had been convicted of a felony drug offense
which might bias her. She was not struck.
      Bailey had a son on probation for a felony drug offense involving marihuana. He had
served thirty days in jail and was still on probation. Bailey said she thought his sentence was
not justified because it was his first offense. She also said, however, that this would have no
effect on her deliberations, and she could judge the case solely on the facts and the merits. 
The State points out that the Waco Police Department was the arresting agency in Bailey’s
son’s case, as in King’s, the court was the same in both cases, the conviction was recent, and
Bailey did not think her son’s sentence was justified. Kerr said, although she also had a son on
probation for a drug offense involving amphetamines, it was twelve years ago, he had
completed his probation, and she felt that he had been treated fairly. In addition, Kerr had
served on another felony jury which had convicted the defendant. The State provided race-neutral reasons for striking Bailey, which King did not rebut. The trial court’s ruling about the
State’s reasons for striking Bailey being race-neutral is not clearly erroneous.
      The record shows that Walker had been arrested for driving under the influence in Hill
County. He said the arrest was part of a scam being run by “wicked cops” in that county, and
that he and others had been wrongly arrested and convicted. Although that was fifteen years
ago, he thought there were still wicked cops, including in McLennan County. In addition,
Walker did not complete his juror questionnaire, and he left blank that part in which he should
have disclosed a prior felony conviction. Again, without rebuttal evidence, the trial court’s
ruling concerning Walker is not clearly erroneous.
         Finally, Sheppard had three cousins from McLennan County who were convicted in
federal court of cocaine offenses. He said he did not know if they were treated fairly. The
prosecutor suspicioned, but could not prove, an association between the three cousins and King
regarding cocaine offenses. The State also argued that Sheppard came to court with his
shirttail out and was practically lying down in his chair, both of which indicated he did not
have sufficient respect for the proceedings. There was no rebuttal evidence. We find that the
trial court’s ruling concerning Sheppard is not clearly erroneous.
      We overrule issue one.
Expert Testimony
      The State called Officer Zacharias who testified that he did not observe any burn marks on
King’s lips and fingers; these burn marks are usually found on those who smoke crack cocaine. 
The inference is that the cocaine King had was for delivery, as charged, and not for personal
use. Zacharias also testified that the amount and placement of the cash found on King, and the
amount of drugs found, were consistent with King being a drug dealer, which is the opinion
Zacharias formed. King objected that the State was using Zacharias as an expert on drug
dealing, and that (1) Zacharias was not qualified as an expert, and (2) the field of “drug
dealing” is not a legitimate field under Rule 702 which allows opinion testimony from qualified
experts. Tex. R. Evid. 702. The trial court overruled this objection.
      If evidence is admissible for any purpose, we will sustain the ruling even if that purpose
was not asserted at trial and even if the court gave the wrong reason for admitting the
evidence. McDuff v. State, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997) (not asserted);
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (wrong reason).
      We do not find that Zacharias’s testimony falls under Rule 702. Rather, it falls under
Rule 701: “Opinion Testimony by Lay Witness: If the witness is not testifying as an expert,
the witness’ testimony in the form of opinions or inferences is limited to those opinions or
inferences which are (a) rationally based on the perception of the witness and (b) helpful to a
clear understanding of the witness’ testimony or the determination of a fact in issue.” Tex. R.
Evid. 701; see also Roberson v. State, 100 S.W.3d 36, 39 (Tex. App.—Waco 2002, pet.
ref’d) (citing Solomon v. State, 49 S.W.3d 356, 364 (Tex. Crim. App. 2001)). Zacharias had
ten years experience as a police officer, for two years of which he had been on a neighborhood
narcotics enforcement team. During these years he had many encounters with drug dealers and
users. His testimony combined his actual knowledge as well as his lay opinion about facts in
issue.
      We overrule issue two.
Legal Insufficiency of the Evidence
      King asserts that the evidence is legally insufficient to support the jury’s finding that he
intended to deliver the cocaine. In reviewing a challenge to the legal sufficiency of the
evidence, we do not weigh favorable and non-favorable evidence. Margraves v. State, 34
S.W.3d 912, 917 (Tex. Crim. App. 2000) (citing Cardenas v. State, 30 S.W.3d 384 (Tex.
Crim. App. 2000)). Rather, we view all the evidence in the light most favorable to the verdict
and determine whether a rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App.
2001); Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996) (citing due process
standard from Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
      The evidence showed that officers stopped King’s car because he ran a stop sign. King
got out of the car, locked it, and quickly entered a building, ignoring the officers’ instructions
to halt. Officers followed King inside where he threw the car keys across the floor; officers
retrieved them. King gave a fictitious name, and was ultimately arrested for various traffic-law violations and for evading detention. Officers searched King’s car and found a rock of
crack cocaine on the floorboard in front of the driver’s seat, between where the driver’s feet
would normally be. Also, next to the transmission hump in the front floorboard on the
driver’s side, officers found a pill bottle with twenty-six rocks of crack cocaine. On King’s
person, officers found $508 distributed in four pockets in denominations of tens, twenties, and
hundreds.
      We find that, based on this evidence, a rational jury could have found beyond a reasonable
doubt that King intended to deliver the cocaine. Burden, 55 S.W.3d at 612. We overrule
issue three.
 

Conclusion
      Having overruled King’s issues, we affirm the judgment.



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed January 21, 2004
Publish

[CRPM]